UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JUSTIN T. HOLCOMBE,<br><br>      Plaintiff,<br><br>      v.<br><br>DIRECTV, LLC,<br><br>      Defendant. | Civil Action File No. |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant DIRECTV, LLC ("DIRECTV") hereby removes the above-captioned case from the Superior Court of Bartow County, Georgia, where it is pending as Civil Action Number 15-CV-963, to the United States District Court for the Northern District of Georgia, Rome Division. In support of this Notice, DIRECTV states the following grounds for removal:

**I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

1

1. On July 9, 2015, Plaintiff filed this civil action, styled *Holcombe v. DIRECTV, LLC*, Civ. No. 15-CV-963, in the Superior Court of Bartow County, Georgia (the "Complaint).

2. DIRECTV was served with a summons and a copy of the Complaint on July 16, 2015.

3. This Notice of Removal is timely because it is being filed within thirty days after DIRECTV was served with the summons and Complaint. *See* 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(a), the attachments at Exhibit A constitute the only process, pleadings, or orders served upon DIRECTV in this action. As of the date of this removal, DIRECTV has not filed a responsive pleading to the Complaint. DIRECTV reserves its right to assert all rights, claims, and defenses of any nature in response to the Complaint, including, but not limited to, defenses relating to service of process, jurisdiction, and venue.

5. Venue for this action lies in the United States District Court for the Northern District of Georgia, Rome Division, because this district and division embrace Bartow County, Georgia, where the civil action was pending. 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon Plaintiff and filed with the clerk of the Superior Court of Bartow County, Georgia. An unsigned copy of the notice to be filed with state court regarding the Notice of Removal is attached hereto as Exhibit B.

## II. THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS ACTION.

7. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it is a civil action stating claims for relief pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a law of the United States enacted by Congress. *See Mims v. Arrow Financial Services, LLC*, __ U.S. __, 132 S. Ct. 740, 745 (Jan. 18, 2012) (holding that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA"); *Balthazor v. Central Credit Servcs., Inc.*, Civ. No. 11-15513, 2012 WL 1382272, at *1 (11th Cir. Apr. 23, 2012) (recognizing that *Mims* "provides that federal courts have concurrent federal question jurisdiction over private suits arising under the TCPA").

8. Accordingly, removal to the Court is proper pursuant to 28 U.S.C. § 1441(a). *See Wisc. Dept. of Corrections v. Schacht*, 524 U.S. 381, 386 (1998) ("We have suggested that the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction

of the district court for removal."); *Pedraza v. Monarch Recovery Mgmt., Inc.*, Civ. No. 2:13-CV-892, 2014 WL 545370, at *2 (M.D. Fla. Feb. 11, 2014) (denying motion to remand on the grounds that subject matter jurisdiction existed "because there was a federal question at the time of removal due to the count brought pursuant to the TCPA").

9. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Georgia state law claims, as those claims are "so related" to Plaintiff's federal law claim that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see* Compl. ¶¶ 10-44.

### III. CONCLUSION

Based on the foregoing, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, and it is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted this 17th day of August, 2015.

>/s/ David L. Balser
>David L. Balser
>Georgia Bar No. 035835
>Claire C. Oates
>Georgia Bar No. 702045
>KING & SPALDING LLP
>1180 Peachtree Street NE
>Atlanta, Georgia 30309-3521
>Tel: (404) 572-4600
>Fax: (404) 572-5100
>
>*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing via UPS on the following:

>Kris Skaar
>Skaar & Feagle, LLP
>133 Mirramont Lake Drive
>Woodstock, Georgia 30189
>
>James M. Feagle
>2374 Main St., Suite B
>Tucker, Georgia 30084

This 17th day of August, 2015.

/s/ David L. Balser
David L. Balser