# Exhibit A

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

FILED
JUL 09 2015
CLERK OF SUPERIOR COURT
BARTOW CO., GA

JUSTIN T. HOLCOMBE,
c/o Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

    Plaintiff,

v.

DIRECTV, LLC,
c/o Corporation Service Company
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092

    Defendant.

CIVIL ACTION FILE

No. 15-CV-963

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of the Superior Court of Bartow County, 135 W. Cherokee Ave., Suite 233, Cartersville, Georgia 30120, and serve upon the Plaintiff's attorney, to wit, whose name and address is:

Kris Skaar
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This   7-09-15
     (Date)

_____
Clerk
Superior Court of Bartow County

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

FILED
JUL 09 2015
CLERK OF SUPERIOR COURT
BARTOW CO., GA

JUSTIN T. HOLCOMBE,

 Plaintiff,

v.

DIRECTV, LLC,

 Defendant.

CIVIL ACTION FILE

No. 15-CV-963

## COMPLAINT

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, the regulations issued thereunder, 47 C.F.R. § 64.1200, and the Georgia Public Utilities Code, O.C.G.A. § 46-5-27.

### PARTIES AND PERSONAL JURISDICTION

2. Plaintiff is a resident of Bartow County, Georgia and is authorized by law to bring this action.

1

3. Defendant DIRECTV, LLC is a foreign limited liability company with its principal place of business in California. [Hereinafter said defendant is referred to as "DIRECTV"].

4. DIRECTV provides satellite television programming distribution to consumers throughout the United States, including consumers in the State of Georgia.

5. DIRECTV transacts business in this State and County.

6. In the course of its business, DIRECTV directed telephone solicitation calls to Plaintiff's residential telephone number, (404) 300-9800, in Bartow County, Georgia. Such telephone calls form the basis of Plaintiff's choses in action.

7. DIRECTV is subject to the jurisdiction and venue of this Court.

8. DIRECTV may be served by personal service upon its registered agent in the State of Georgia, to wit: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

9. Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

10. Between April, 2010 and March, 2014, Plaintiff was a subscriber of satellite television programming with Defendant at his home in Bartow County, Georgia.

11. In February or March of 2014, Plaintiff cancelled his account with DIRECTV and paid all sums owed or alleged by DIRECTV to ever be owed by Plaintiff and completed all contractual obligations between Plaintiff and DIRECTV.

12. Upon completing his account obligations with DIRECTV, Plaintiff asked DIRECTV never to call him again.

13. Beginning in or around May, 2014, DIRECTV began calling and mailing plaintiff seeking to solicit Plaintiff to enter into a new agreement with DIRECTV to purchase 24 months of satellite television services.

14. On multiple occasions in 2014, Plaintiff again told DIRECTV that he was not interested in receiving their services and requested that DIRECTV cease calling him and place him on the DIRECTV do not call list.

15. For instance, on March 31, 2014 at 5:14 PM Eastern Daylight Time and on June 2, 2014 at 5:49 PM Eastern Daylight Time, Plaintiff returned calls to

DIRECTV at telephone number (302) 394-9567 and requested that the calls cease and that Plaintiff be placed on the DIRECTV do not call list.

16. Despite such requests, plaintiff continues to be called repeatedly by DIRECTV from several telephone numbers, including but not limited to, 2153835679, 3023949567, 8009136581, 8036751226, 8773896582, and 4045372641.

17. In the telephone calls, DIRECTV does not provide its identity at the beginning of the calls.

18. When Plaintiff would return a telephone call, he would be told that the purpose of the call was to sell Plaintiff on a new promotional offer for DIRECTV subscription satellite television services.

19. The telephone calls are telephone solicitations and constitute telemarketing under the Federal Communications Act and Georgia's Public Utilities Code.

20. Plaintiff never consented to the telephone calls.

21. Any alleged prior relationship between the parties was terminated by Plaintiff and ceased to exist, pursuant to 47 C.F.R. § 64.1200(f)(5), when he cancelled his DIRECTV subscription and when he requested DIRECTV to cease calling.

22. The calls were annoying to Plaintiff and invaded his privacy interests that the TCPA and the Georgia Public Utilities Code's restrictions on telephone solicitations were intended to protect.

23. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

24. The acts of Defendant constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

25. The Telephone Consumer Protection Act required the Federal Communication Commission to initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers privacy rights to avoid receiving telephone solicitations to which the object. 47 U.S.C. § 227(c)(1).

26. The Telephone Consumer Protection Act required the Federal Communication Commission to conclude such proceedings by issuing regulations to implement methods and procedures for protecting such privacy rights in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers. 47 U.S.C. § 227(c)(2).

27. The Federal Communications Commission's regulations provide:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d).

28. The procedures required must include the following:

> If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

47 C.F.R. § 64.1200(d)(3).

29. DIRECTV failed to maintain the procedures required by 47 C.F.R. § 64.1200(d)(3).

6

30. DIRECTV did not record Plaintiff's request not to receive calls from DIRECTV.

31. DIRECTV did not place Plaintiff's name and number on the DIRECTV do not call list at the time of Plaintiff's request.

32. DIRECTV did not honor Plaintiff's request not to be called within a reasonable time from the date such request was made.

33. The Federal Communications Commission's required procedures for telephone solicitations also include the following:

> A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

47 .F.R. § 64.1200(d)(4).

34. In at least 92 telephone calls from DIRECTV to Plaintiff, DIRECTV did not provide the Plaintiff with both the name of the individual caller and the identity of DIRECTV.

35. As a result of Defendant's actions in violation of the TCPA and the Federal Communications Commission's implementing regulations, Plaintiff is entitled to an injunction requiring DIRECTV to cease calling Plaintiff's telephone number pursuant to 47 U.S.C. § 227(c)(5)(A).

36. As a result of Defendant's actions in violation of the TCPA and the Federal Communications Commission's implementing regulations, Plaintiff is entitled to an award of actual damages or $500.00, whichever is greater, for each such violation pursuant to 47 U.S.C. § 227(c)(5)(B).

37. DIRECTV is aware of the TCPA's do not call rules and has continued to call after multiple requests to stop calling. Defendant's conduct in violation of the TCPA and the Federal Communications Commission's implementing regulations was willful or knowing.

38. Plaintiff requests this Court treble damages for each such violation pursuant to 47 U.S.C. § 227(c)(5).

39. Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

**COUNT TWO: GEORGIA PUBLIC UTILITIES CODE**

40. The acts of Defendant constitute violations of Georgia's Public Utilities Code.

41. DIRECTV made telephone solicitations to the residential telephone line of Plaintiff in this state without, at the beginning of such call, stating clearly the identity of the person or entity initiating the call, in violation of O.C.G.A. § 46-5-27(g)(1).

42. The actions of Defendant in violation of the Public Utilities Code were knowing.

43. As a result of Defendant's actions, Plaintiff is entitled injunctive relief and an award of statutory damages of $2,000.00 for each such violation pursuant to O.C.G.A. § 46-5-27(i).

44. Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded damages in the amounts provided by statute;

b) That Plaintiff be awarded treble damages;

c)     That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

d)     That the Court grant such further and additional relief as is just in the circumstances.

## JURY DEMAND

Plaintiff herein demands a trial by jury on all issues so triable.

Respectfully submitted,

SKAAR & FEAGLE, LLP

by: *[signature]*

Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
770 / 427-5600
404 / 601-1855 fax

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax

*Counsel for Plaintiff*

SHERIFF'S ENTRY OF SERVICE                                 SC-85-2

Civil Action No. __15-CV-963__

Date Filed __July 9, 2015__

Superior Court ☑    Magistrate Court ☐
State Court ☐    Probate Court ☐
Juvenile Court ☐
Georgia, __Bartow__ COUNTY

Attorney's Address

Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

__Justin T. Holcombe__
Plaintiff

VS.

Name and Address of Party to be Served

__DirecTv, LLC__
__c/o Corporation Service Company__
__40 Technology Parkway South, Suite 300__
__Norcross, GA 30092__

__DirecTv, LLC__
Defendant

Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County. Delivered same into hands of _____ described as follows age, about ___ years; weight, about ___ pounds; height, about ___ feet and ___ inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant __DirecTv LLC__ a corporation by leaving a copy of the within action and summons with __Berry Smith (D. Agent)__ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This __16__ day of __July__, 20__15__.

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

ARCO IDEAS & DESIGN, INC. (770) 386-2799